

200 Old Country Road, Suite 2 South, Mineola, NY 11501/Tel: (516) 741-3222/Fax: (516) 741-3223

December 2, 2024

Hon. Joan M. Azrack
United States District Court Judge
Eastern District of New York
VIA ECF

        Re: Cipley v. County of Nassau et al
        Case No.: 20cv00975(JMA)(ST)

Dear Judge Azrack:

    The defendants in the above matter file this letter in response to the plaintiff's letter motion to preclude use of the "e-justice search documents" added to Defense Exhibit B. I have attached as Exhibit "A" to this letter, a full copy of the e-justice search with Bates stamping reflecting "Defts Exhibit B 001-058."

**Timeliness**

    Plaintiff's counsel objects to the use of the e-justice search as being untimely and reports to the Court that he did not receive the documents "until this morning" but these documents had been exchanged in discovery. See Exhibit "B" to this letter, original set of e-justice documents reflecting their exchange by virtue of the Bates Stamps "NCPD 000037-000099."

    Furthermore, on Saturday, November 30, 2024, plaintiff's counsel e-mailed me five additional documents that he wanted to add to their exhibits; I did not object. So, it seems a bit unfair to complain of an allegedly late exchange of additional documents on Monday when plaintiff's office themselves added documents to their exhibit list just this Saturday.

    Finally on this issue, in the Joint Pre-Trial Order, both parties reserved the right to "[s]ubject to the ruling of this Court, . . . to amend and/or supplement this pre-trial order."

**Relevance**

    Plaintiff made much on opening and in his examination of Det. Mazzara about the number of officers that went to the Cipley home on March 12, 2019. What Det. Mazzara learned about James Cipley Jr. and relayed to the detectives (or what the detectives knew about Mr. Cipley Jr. from other knowledge before going to the house) is relevant to the detectives' state of mind as they approached the house and as they made sure that the scene was safe while others tried to restrain plaintiff. This evidence goes to the "totality of the circumstances" and is admissible to show what the detectives knew and had to consider in dealing with approaching the Cipley house and their safety once inside. *See*,

*Mcleod v. Llano,* 2021 U.S. Dist. LEXIS 81006 (EDNY, Ross, USDJ, 2021)(evidence of reports of car break-in relevant to relates to officer's state of mind during the incident and to the totality of the circumstances leading up to the use of force).

Already admitted into evidence are the Case Report (Deft Ex. B); the registry report for Bonnie Labella (Deft's B-2 in evidence); and the Order of Protection (Deft B-3 in evidence). Defendants will limit what additional portions of the e-justice search they seek to use to the following additional pages:

A. Domestic Incident Report("DIR")(B 000014-000015); this document is relevant because plaintiff has already repeatedly questioned Det Mazzara about his not obtaining a warrant and not further investigating the allegations made by Ms. Labella but rather just acting on her complaint. The filing of a DIR gives an officer probable cause to arrest the subject of the DIR. *Gottlieb v. City of New York,* 219 A.D.3d 591, 592 (2d Dep't 2023). Furthermore, NY Criminal Procedure Law Section 140.10(4)(b)(i) and (ii) mandates an arrest when the allegation is a violation of an order of protection;
B. Mugshot James Cipley Jr (B 000034) As the Court indicated this is relevant as the detectives would want to know what Mr. Cipley Jr. looked like;
C. Criminal Repository Inquiry as to James Cipley Jr. (B000044) While defendants argue that all of Mr. Cipley's prior criminal history should be admissible to again explain the nature of their response to the house and the totality of the circumstances, if the Court is not inclined to admit all the prior criminal history information, then this one page at least should be admissible as Det. Mazzara testified that he looked at Mr. Cipley Jr.'s prior arrests and saw that he had an escape and resisting arrest charge, (contrary to plaintiff's assertion that there were no such charges against Mr. Cipley). This was the page from the repository that provided that information to Det. Mazzara.

Thank you for your attention in this matter.

                                           Sincerely,

                                           s/Oscar Michelen

                                           OSCAR MICHELEN