

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

<u>Frederick K. Brewington</u>　　　　　　　　　　　　　　　　　　　　　　　　　　<u>Of Counsel</u>
Albert D. Manuel III　　　　　　　　　　　　　　　　　　　　　　　　　　　　Oscar Holt III
Cobia Powell　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jay D. Umans

December 4, 2024

<u>**VIA ELECTRONIC CASE FILING**</u>
Honorable Joan M. Azrack
United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

　　　　　　　　　　　　　　　　　Re:　*Cipley v. County of Nassau, et.al*
　　　　　　　　　　　　　　　　　　　　<u>Docket No.: CV-20-975 (JMA)(ST)</u>

Dear Judge Azrack:

　　　We are the attorneys representing the Plaintiff, Donna Cipley, in the above referenced 42 U.S.C. §1983 matter. We write to address the issues related to the claim of "hot pursuit" or "exigent circumstances" now being raised by Defendants as to their entry into Ms. Cipley's home. Further the issues relating to Resisting Arrest is also addressed below. Additionally, given the testimony and proof in this case, we provide the Court with a Fabrication of Evidence charge which request be provided to the Jury.

**<u>There were no Exigent Circumstances nor was there a basis for a hot pursuit</u>**:

　　　Defendants' newly found defense is that they entered the home as a result of exigent circumstances or hot pursuit of Ms. Cipley. There can be no dispute, and the Defendants must concede, that they had neither a warrant nor Ms. Cipley's explicit consent to enter her home on March 12, 2019. It is well established that "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *United States v. United States Dist. Court for E. Dist. of Mich.*, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). Indeed, "[t]he core premise underlying the Fourth Amendment is that warrantless searches of a home are presumptively unreasonable." *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014) (*citing, inter alia, Kentucky v. King*, 563 U.S. 452, 131 S.Ct. 1849, 1856 (2011)). If police officers have neither a warrant nor valid consent, they need no less than both probable cause and exigent circumstances in order to lawfully enter or remain in a person's home. *Harris*, 770 F.3d at 231 (*citing Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) (per curiam )); *Fernandez v. California*, —— U.S. ——, 134 S.Ct. 1126, 1132 (2014). One well-recognized exception applies when "'the exigencies of the situation' make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394 (1978).

In this case, there was no basis for the Defendants to enter Ms. Cipley's home to look for James Cipley, Jr., unless they created a fabricated story. There is no possibility that Defendants can claim that they had permission to rush into Ms. Cipley's home. Further, the Defendants cannot manufacture stories to create exigent conditions upon which they then rely to make an unauthorized entry. What is placed squarely before the Court are disputed facts and circumstances that point to the abuse of authority and use of process created to serve Defendants own ends. The law is clear that police officers may not manufacture or contrive exigent circumstances to conduct a protective sweep that is a pretext for a search for evidence, *see, e.g.*, *United States v. MacDonald*, 916 F.2d 766, 772 (2d Cir.1990). Nor can Defendants make up a story, as they have here, that Ms. Cipley assaulted Defendant Gomez and that her doing so with the front door of her home caused circumstances that gave them permission to enter the home by force. Given the facts of this matter, the exigent circumstances rule should not apply where the police, without a warrant or any legally sound basis for a warrantless entry, were told that the person they were looking for was not present, they were to leave the premises and they knew that they could not enter without permission. Unwarranted "searches and seizures inside a home" bear heightened scrutiny, *Payton v. New York*, 445 U.S. 573, 586 (1980). While "the warrant requirement is subject to certain reasonable exceptions," *King*, 563 U.S. at 459 *(citing Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)), these "are few in number and carefully delineated and ... the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests," *Loria v. Gorman*, 306 F.3d 1271, 1284 (2d Cir. 2002) (*quoting Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984)).

In light of the proof in this case, we ask the Court to provide the jury with the following charge on on **Exigent Circumstances**:    "The core premise underlying the Fourth Amendment is that warrantless searches of a home are presumptively unreasonable." *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014) (citations omitted). If police officers have neither a warrant nor valid consent, they need no less than both probable cause and exigent circumstances in order to lawfully enter or remain in a person's home. Police may not manufacture or contrive exigent circumstances to conduct a search or gain entry into a home for which they otherwise would have no right to enter.

**Plaintiff did not engage in resisting arrest**.

The charge of Resisting Arrest was improper. Ms. Cipley could not be found guilty of resisting an unlawful and unauthorized arrest. This is particularly true, if the basis for the arrest was one that was manufactured. The law in this area is clear. Penal Law § 205.30 states that "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person." CPL § 205.30. "Under the Penal Law, an essential element of the offense of Resisting Arrest (PL § 205.30) is the requirement that there be an 'authorized' arrest." *Infra*. Thus, the arrest in issue must have been made in accordance with the law, including a finding that the arrest was premised on probable cause." *People v. Reese*, 5 Misc.3d 1030(A), 799 N.Y.S.2d 163 (N.Y.Dist.Ct. Suf. Co. 2004). , *supra; citing*, *People v. Jensen*, 86 N.Y.2d 248 (1995); "If the arrest was not authorized, the person who [allegedly] prevented or attempted to prevent that arrest cannot be charged or convicted of Resisting Arrest" *Id*. (*see,also People v. Jensen*, 86 N.Y.2d 248 (1995); *People v. Peacock*, 68 N.Y.2d 675, 505 N.Y.S.2d 594 (1986). ). "As the allegations in the information do not support the charge, the

2

arrest was not authorized and the resisting arrest charge [should be] dismissed as well." *People v. Grullon*, 9 Misc.3d 1120(A) at 4-5 (N.Y. City Crim. Ct. 2005). *See also*, *People v. Reese*, 5 Misc.3d 1030(A), 799 N.Y.S.2d 163 (N.Y.Dist.Ct. Suf. Co.,2004). Penal Law § 205.30 states that "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person." CPL § 205.30. "The Statute requires that the arrest be authorized" *People v. Grullon*, 9 Misc.3d 1120(A) (N.Y. City Crim. Ct. 2005)*, citing*, *People v. Alejandro*, 70 NY2d., 133, 135 (1987). "The crime of resisting arrest does not occur if the arrest is illegal or unlawful." *People v. Cameron*, 1 Misc3d 1105(A), *citing, People v. Stevenson*, 31 NY2d. 108 (1972).

In light of the proof in this case, we ask the Court to provide the jury with the following charge on **Assault in the Second Degree**:

Under New York law a person is guilty of assault in the second degree when a when with intent to prevent a police officer from performing a lawful duty, she causes physical injury to such police officer.

In light of the proof in this case, we ask the Court to provide the jury with the following charge on **Resisting Arrest Charge**:

Under New York law, a person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of herself or another person. Plaintiff could not have committed the crime of resisting arrest unless the original police conduct was an "authorized arrest." In other words, if the defendants lacked probable cause to arrest plaintiff for any other offense, then he cannot be guilty of resisting arrest. Therefore, when you consider whether the defendants had probable cause to believe that the plaintiff had committed the crime of resisting arrest, you must be convinced that the defendants had probable cause to arrest her for assault in the second degree.

If you find that there was probable cause to arrest Plaintiff for this offense, then the plaintiff's arrest was not unlawful and your verdict on the plaintiff's false arrest claim must be for defendants. On the other hand, if you find that defendants did not have probable cause to arrest the plaintiff for assault in the second degree, then your verdict on plaintiff's false arrest claim must be for plaintiff.

**Alternative Charge on Resisting Arrest**:

I also instruct you that plaintiff could not have committed the crime of Resisting Arrest unless the original police conduct was an "authorized arrest," *i.e.*, unless the police were justified in arresting her in the first place. (Authority: *People v. Jensen*, 86 N.Y.2d 248 (1995)). In other words, "probable cause to arrest is a prerequisite for making an authorized arrest, and if there is no probable cause to arrest a person, that person cannot be guilty of resisting arrest." (Authority: *Curry v. City of Syracuse*, 316 F.3d 324, 336 (2d Cir. 2003) (citation and quotations omitted); *People v. Alejandro*, 70 N.Y.2d 133, 135 (1987)).

In light of the proof in this case, we ask the Court to provide the jury with the following charge on **Fair Trial Claim (Fabrication of Evidence)**[1]

The Constitution guarantees all criminal defendants the right to a fair trial. To prove that one or more of the defendants violated this right at the time she was arrested, charged and being prosecuted, Plaintiff must prove:

First, that during the course of an investigation one or more of the defendants intentionally created false information;

Second, that the false information created was likely to influence a jury's decision on whether Plaintiff was guilty or not guilty of a crime;

Third, that the defendant you are considering provided the false information to a prosecutor; and

Finally, that Plaintiff suffered a deprivation of liberty as a result of the false information one or more of the defendants provided to the prosecutor.

I have previously charged you on what it means to act intentionally and that definition applies here as well.

False information is likely to influence a jury's decision if the false information is material or important to the charges against the person. It is not necessary for the Plaintiff to prove that the false information was ever actually presented to a judge or jury or that the Plaintiff was ever brought to trial. It is sufficient for Plaintiff to prove that the information would have been important to a jury had it been used against Plaintiff during a court proceeding.

As to the final element, a person suffers a deprivation of liberty when he is incarcerated, even for a short period of time. A party who is obligated to appear in court, post-arrest, in connection with criminal charges also suffers a deprivation of liberty. As to this count, it is irrelevant whether there was probable cause to arrest the Plaintiff. Put differently, if Plaintiff has proven all the elements of this claim, you can find that Plaintiff's fair trial right was violated even if you found that there was probable cause for his arrest.

If you find that Plaintiff has proven by a preponderance of the evidence that one or more of the Defendants interfered with her right to a fair trial, then your verdict will be in Plaintiff's favor on this claim as to that defendant.  If you find that Plaintiff has failed to prove that one or more of the Defendants did not interfere with her right to a fair trial, then your verdict  will be in that defendant or defendants favor.

---

[1] These instructions were delivered to the jury by Judge Caproni in *Keith v. Sgt. William Hart, et ano.*, 17-CV-4477 (VEC) (S.D.N.Y.), filed on ECF January 30, 2020.

We thank the Court for its consideration in this matter.

          Respectfully submitted,

          *Frederick K. Brewington*
          FREDERICK K. BREWINGTON

FKB.sak

cc. All Counsel by ECF