UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

DONNA CIPLEY

              Plaintiff,                            CASE NO.: CV-21-3712
                                                                    (JMA)(AYS)

           - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE

ATTORNEY'S OFFICE, DETECTIVE MIKE P.
MAZZARA, in his individual and official capacity,
DETECTIVE ROBERT L. OBERG, in his individual
and official capacity, DETECTIVE MICHAEL A.
PERNA, in his individual and official capacity,
DETECTIVE JOSEPH N. RUBINI, in his individual
and official capacity, DETECTIVE ELLIOT B.
LICHTENSTEIN, in his individual and official capacity,
and DETECTIVE BASIL D. GOMEZ, in his individual
and official capacity, "JOHN DOES AND JANE DOES
1-10" representing as yet unknown and unidentified
members of the Nassau County and Nassau County's
Police Department
                               Defendants.
--------------------------------------------------------------------------X

DEFENDANTS RESPECTFULLY RESERVE THE RIGHT TO SUPPLEMENT THESE JURY INSTRUCTIONS AS TO ANY LEGAL ISSUES THE REMAIN UNADDRESSED AND/OR UPON REQUEST FOR FURTHER SUBMISSIONS AS MAY BECOME EVIDENT DURING THE PROCEEDINGS IN THIS MATTER.

      Defendants ask the court to consider the jury charge used by the Hon Joseph Bianco in

*Mangino v. Inc. Vill of Patchogue*, 2014 U.S. Dist. LEXIS 106249 (EDNY 2014), *aff'd,* 808 F.3d

951 (2d Cir. 2015), tailored to the facts of this case. In that case, Plaintiff brought a 42 U.S.C. §

1983 action against municipal defendants alleging, inter alia violations of his rights under the

Fourth Amendment of the United States Constitution. The jury returned a unanimous verdict for

defendants, concluding that plaintiff did not prove, by a preponderance of the evidence, that defendants fabricated an exigent circumstance and thus lacked probable cause to enter plaintiff's rental property without a warrant.

In detailing the dispute, the court in *Mangino* instructed the jury:

*[T]he plaintiff alleges that [defendant] fabricated an exigent circumstance to unlawfully gain access to the property through the Patchogue Fire Department because he wanted to look for code violations, and that fabricated exigency led to a search of [plaintiff's] private room. . . . The defendants dispute these allegations and contend, among other things, that exigent circumstances justified [defendant's] lawful entry into the property on July 25, 2005. In particular, the defendants maintain that the Village received a telephone call from a tenant complaining about an arcing or sparking wire in an apartment, which justified entry into the house without a warrant to ensure the safety of the tenants.*

In *Mangino*, the main claim was that the search which produced evidence leading to the arrest of plaintiff was based on probable cause that was fabricated by the individually named defendant. While here, there is no independent claim based directly on an alleged unconstitutional search as there was in *Mangino*, Plaintiff is alleging essentially the same thing as the *Mangino* plaintiff: the six named individual defendants fabricated exigent circumstances in order to have probable cause to arrest plaintiff in her home to allow them to search for her son James Cipley Jr. The Mangino charge should be tailored as follows and read to the jury:

*[T]he plaintiff alleges that on March 12, 2019, the six named detectives fabricated an exigent circumstance to unlawfully gain access to the property by having Detective Gomez insert his hand between the door and the door jamb to make out allegations of assault and in order to allow them to enter the Cipley home to search for James Cipley Jr. The defendants dispute these allegations*

*and contend, among other things, that exigent circumstances justified their lawful entry into the property on March 12, 2019. In particular, the defendants maintain that they had probable cause because Plaintiff intentionally struck Detective Gomez with the storm door and then grabbed his thumb and bent it back and in the course of being arrested for those charges, also resisted arrest and attempted to retreat into her home to avoid the arrest, which justified entry into the house without a warrant.*

The defendant also asks that the Court give a limiting instruction to the jury about the CPS report made by Det. Oberg against plaintiff and her husband. First of all, the plaintiff has no independent stand-alone claim about this allegation. As plaintiff's proposed jury charges show (which were largely agreed to by defense counsel with a few comments and objections unrelated to this issue) plaintiffs has four proposed claims (1) lack of probable cause to arrest Donna Cipley for Assault 2d Degree and Resisting Arrest; (2) excessive force used in that arrest; (3) failure to intervene in that arrest; and (4) malicious prosecution of that arrest.

The evidence of the CPS charge is not relevant evidence as to any of those four claims. The jury should be instructed that it can be used if at all only in examining the totality of the circumstances with respect to Det. Oberg's actions on the failure to intervene claim.

Dated: December 5, 2024                    CUOMO LLC

                                By:     s/Oscar Michelen
                                        OSCAR MICHELEN
                                        Attorneys for Defendants
                                        200 Old Country Road, Suite 2 South Wing
                                        Mineola NY 11501
                                        (516) 741-3222
                                        omichelen@cuomollc.com

All counsel    VIA ECF

**Draft** – D e f e n d a n t s                    3