

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Cobia Powell

Of Counsel
Oscar Holt III
Jay D. Umans

December 5, 2024

<u>**VIA ELECTRONIC CASE FILING**</u>
Honorable Joan M. Azrack
United States District Court Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re: <u>*Cipley v. County of Nassau, et.al*</u>
           <u>Docket No.: CV-20-975 (JMA)(ST)</u>

Dear Judge Azrack:

  As Your Honor is aware, The Law Offices of Frederick K. Brewington represents the Plaintiff, Donna Cipley. Having now had sufficient time to review the Court's proposed jury instructions, we respectfully note our comments and objections to them, as well as make the following requests.

  We note that the Court does not instruct the jury on the elements of Ms. Cipley's Section 1983 claims. There is no instruction regarding acting under color of law, no instruction on intent/recklessness v. negligence, and no instruction concerning proximate cause. While, as noted in our proposed jury instructions, we think the Court should instruct the jury that there is no dispute that the defendants were acting under color of law or that they acted intentionally, we believe the Court must instruct the jury on proximate cause. Our additional comments and objections to the Court's proposed instructions follow:

  1. At p. 8, first full paragraph, the third sentence reads as follows: "Conversely, an officer who acts with good intentions, but does not have probable cause under the circumstances, can be liable for false arrest." The instruction is incorrect because if an officer lacks probable cause to arrest, (s)he is liable for false arrest. So, "can be liable for false arrest" should read "is liable for false arrest."

  2. Regarding the Resisting Arrest instruction on page 9, first full paragraph, as we discussed earlier today, the charge is incorrect because a person cannot resist an unlawful arrest. As such, the following language needs to be added: I also instruct you that Ms. Cipley could not have committed the crime of Resisting Arrest unless the original police conduct was an "authorized arrest," *i.e.*, unless the police were justified in arresting her in the first place. (Authority: *People v. Jensen*, 86 N.Y.2d 248 (1995)). In other words, "probable cause to arrest is a prerequisite for

making an authorized arrest, and if there is no probable cause to arrest a person, that person cannot be guilty of resisting arrest." (Authority: *Curry v. City of Syracuse*, 316 F.3d 324, 336 (2d Cir. 2003) (citation and quotations omitted); *People v. Alejandro*, 70 N.Y.2d 133, 135 (1987)). Therefore, when you consider whether defendants had probable cause to believe that Ms. Cipley had committed the crime of Resisting Arrest, you must be convinced that the defendants had probable cause to arrest her for Assault in the Second Degree. (Authority: *Weyant v. Okst*, 101 F.3d 845, 855 (2d Cir. 1996)).

      3.      Regarding the Excessive Force charge, the first full par. on p. 11 concerning the severity of a plaintiff's injuries needs to be deleted because it is an incorrect statement of law. The Second Circuit rejected this argument in *Ketcham v. City of Mount Vernon*, 992 F.3d 144, 150-51 (2d Cir. 2021) ("we have never held that a court may grant summary judgment to officers on an excessive force claim merely because the injuries were minor even where the force was unreasonable. Any such holding would violate the rule announced in *Graham* and would grant a windfall to officers who commit misconduct but could escape liability based upon the hardiness of their victims.").

      4.      Regarding the Court's proposed Failure to Intervene charge beginning on page 11, the Court incorrectly limits the claims to Ms. Cipley's excessive force claim because an officer has an affirmative duty to intervene to prevent the deprivation of an individual's federal constitutional rights, In other words, an officer who knows that a person has been falsely arrested or is being maliciously prosecuted has an affirmative duty to intervene. *Rupp v. City of Buffalo*, 91 F.4th 623, 642-43 (2d Cir. 2024). *See Brown v. City of New York*, 08-CV-5095, 2013 U.S. Dist. LEXIS 47035, *19-20 (E.D.N.Y. Mar. 29, 2013) (denying summary judgment because a "reasonable jury could find that Mohip personally saw the incident, knew that Dimitrakakis was lying, and yet failed to intervene to prevent plaintiff's arrest or prosecution.").

      In light of the above, we propose the following instruction, which is adapted from the instructions Judge Castel provided in *Martinez v. Port Auth.*, 01 Civ. 721 (PKC) (S.D.N.Y. Nov. 18, 2004): "Law enforcement officials have a duty to protect the constitutional rights from infringement by other law enforcement officials in their presence.  In this instance, an officer who fails to intercede is liable for preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a citizen has been [subjected to excessive force,] unjustifiably arrested or unlawfully prosecuted.  However, before an officer can be held liable for failing to intervene to prevent the harm from occurring, you must find that there was a reasonable opportunity to do so – that is, that he had sufficient time to intercede and a capability to prevent the harm.

      For the plaintiff to succeed on her failure to intervene claim against defendants . . . , plaintiff must prove by a preponderance of the evidence all four of the following elements: (1) that Ms. Cipley was subjected to [excessive force,] unlawful arrest or unjustifiable prosecution[1], or all three;

---

[1] Plaintiff has objected to the failure to intervene being limited to just the excessive force claim in this matter and maintains that objection.

(2) that defendants . . . knew that the [excessive force], unlawful arrest and unjustifiable prosecution were occurring; (3) that the defendants had a "realistic opportunity to intervene," as I described that phrase; and (4) that the defendants did not intervene. If you find that defendants . . . were liable for any injuries that you conclude were a proximate result of their failure to intervene in the [excessive force,] unlawful arrest or malicious prosecution, you must find for plaintiff. If you find that plaintiff has not proved any of these four elements with respect to a defendant, then your verdict will be for that defendant. *In other words, plaintiff must prove each and every one of these four elements.*"[2]

     5.     Regarding the Court's Fabrication of Evidence charge, the Court needs to describe the Third Element to provide the jury guidance on what constitutes materiality. We suggest the following language, which can be found in our letter from yesterday evening: "False information is likely to influence a jury's decision if the false information is material or important to the charges against the person. It is not necessary for the Plaintiff to prove that the false information was ever actually presented to a judge or jury or that the Plaintiff was ever brought to trial. It is sufficient for Plaintiff to prove that the information would have been important to a jury had it been used against Plaintiff during a court proceeding."

     This language is critical because it precludes a defendant from arguing that any false statement was not material because it was not presented to a judge or jury, which is the law. *Ashley v. City of New York*, 992 F.3d 128, 138 (2d Cir. 2021) ("To establish this claim, a plaintiff must show that an investigative officer fabricated information likely to influence a jury and forwarded that information to the prosecution, causing the plaintiff to suffer a deprivation of liberty. The plaintiff need not have been tried to make out this claim so long as some deprivation of liberty occurred.") (citation omitted).

     Finally, regarding the Compensatory Damages charge, the Court needs to instruct the jury as follows regarding her false arrest claim: If you find that plaintiff was falsely arrested, then from the fact of her confinement alone you must award her monetary damages for the loss of freedom and movement. Plaintiff is not required to show any particular loss of money resulting from confinement before you award damages for false arrest. In awarding damages for the fact of confinement, you may consider the loss of time, the physical discomfort or inconvenience, and the conditions of confinement (Authority: *Kerman v. City of New York*, 374 F.3d 93, 124-31 (2d Cir. 2004)). In accordance with *Kerman*, then District Judge Lynch gave this instruction in *Blue v. City of New York*, 07 CV 6471 (S.D.N.Y. Mar. 19, 2009), Judge Crotty gave this instruction in *Cameron v. City of New York*, 06 Civ. 7798 (S.D.N.Y. Sep. 27, 2010), and Judge Brown delivered it in *McDevitt v.*

---

[2] *Martinez* involved claims sounding in false arrest, malicious prosecution and failure to intervene. We have added the excessive force claims. Ellipses reflect the removal of the identify of the defendants' names in *Martinez*. Additionally, the Failure to Intervene instructions need to follow the Court's Fabrication of Evidence charge in light of these changes.

*County of Suffolk, et al.*, CV 16-4164 (E.D.N.Y. Apr. 20, 2023).[3]

  Thank you for your consideration of these matters. We look forward to answering any questions the Court may have tomorrow morning.

Respectfully submitted,

*Frederick K. Brewington*
FREDERICK K. BREWINGTON

FKB.sak

cc. All Counsel by ECF

---

[3] We can provide Judge Brown's instructions to the Court if it so desires. We do not have Judge Lynch's instructions in *Blue* or Judge Crotty's instructions in *Cameron*.